IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSHUA RUIZ, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 5:19-CV-01457 |
| | § | |
| | § | |
| BEXAR COUNTY, TEXAS | § | |
|    Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT & JURY DEMAND

Plaintiff, JOSHUA RUIZ, complains of Defendant, BEXAR COUNTY (BEXAR), under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634 (2000), and Texas Labor Code Chapter 21 as follows:

### I. PARTIES

1. Plaintiff, JOSHUA RUIZ, is an individual residing in the Western District of Texas. He was born in 1976 and was over the age of 40 at all times relevant to this lawsuit.

2. Defendant Bexar County, a county in Texas, may be served with process by serving the county judge, the Honorable County Judge Nelson Wolfe, at 101 W. Nueva, 10th Floor, San Antonio, TX 78205, under TEX. CIV. PRAC. & REM. CODE §17.024(b). Bexar County is situated within the Western District of Texas.

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction over Mr. Ruiz's claims under 28 U.S.C. §1331, and 29 U.S.C. § 626.

4. A substantial portion of the acts and omissions giving rise to Mr. Ruiz's claims

occurred at Bexar County Constable's Office, Precinct 2, which is located within Bexar County. Venue is proper in this district and division under 28 U.S.C. § 1391(b) and (c).

### III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Mr. Ruiz timely dual-filed his Charge of Discrimination with the Equal Employment Opportunity Commission and Texas Workforce Commission on August 7, 2018. On September 13, 2019, the Equal Employment Opportunity Commission issued a Right to Sue to Mr. Ruiz, which was received on September 17, 2019.

### IV. CONSTABLE BARRIENTES-VELA SYSTEMIC AGE DISCRIMINATION PROBLEM

6. Plaintiff was employed by the Defendant as a Deputy Constable at Constable Precinct 2, located at 7723 Guilbeau Road, Ste. 105, San Antonio, Texas, 78250. In his nearly seventeen years tenure as a deputy, he was conferred commendations, awards and recognitions within the department as well accorded promotions based on his meritorious performance of duties.

7. Constable Vela when she came to assume the position over Precinct Two quickly became the poster child of "government done wrong." Within a short period of her being elected into the Constable position, she quickly sought to clean house and uproot older, senior deputies within the department that were over the age of forty, namely Leonicio Moreno and Christopher De La Cerda, and casted a department of hand-picked young, inexperienced deputies – all under 40 years of age – who were paid less and pledged their fealty to her. However, as both Deputies Moreno and De La Cerda were covered under the Bexar County Civil Service Commission, her attempts to terminate them were reversed by the Commission and both were reinstated.[1]

---

[1] Based on the Commission's ruling in Moreno's appeal, Krisin Bloodworth recommended that De La Cerda also be reinstated without additional fanfare or controversy, that Vela conceded.

8. Because of acts and omissions she took in her official position, she further became the central protagonist of two other lawsuits filed by Deputy Constables Jesse Garcia and Raymond Ford, both over forty years of age. Indeed the mismanagement and highly irregular practices within Constable Vela's office became cause celebre within the local media, as even the FBI's and Texas Ranger's investigation of practices within her office ultimately gave rise to her "resignation" from the position.[2]

9. Prior to her unceremonious departure from the position,[3] Constable Vela, in her official capacity, took deliberate, calculated measures to reshape the department into a cadre of young, inexperienced loyalist deputies and rid herself of older, senior and more experienced officers when she was not otherwise engaging in chicanery such as charging the county for training exercises that she did not attend. Even after it became clear that both Deputies Moreno and De La Cerda were going to be reinstated, this did not stop Constable Vela from pursuing her goal of hiring three newly minted, under age forty deputies. As a result, the department became overstaffed and Deputy Ruiz who in contrast with other deputies within the department that were over forty, did not have the benefit of protection from retaliation that Officers Moreno, De La Cerda, Ford and Garcia enjoined because of previous actions taken by her nor was Mr. Ruiz part of the administration within the constable's office.

---

[2] *See e.g.* https://foxsanantonio.com/news/ local/fbi-raids-office-of-bexar-county-constable-michelle-barrientes-vela, September 23, 2019; https://www.expressnews.com/news/local/article/Controversial-constable-target-of-joint-14461795.php, September 23, 2019.

[3] *See e.g.* https://www.sacurrent.com/the-daily/archives/2019/10/10/embattled-michelle-barrientes-vela-steps-down-as-constable-after-judges-ruling

10. While none of the three under forty, newly hired deputies, had any vested rights under the Commission in contrast with De La Cerda and Moreno who were afforded such protection given their tenure within the County, and where Constable Vela should have released one of the three new hires so as to protect Deputy Ruiz' position – a senior, decorated officer – per the county's de facto practice of "last hired, first released" customarily observed in most work environments, she chose youth and inexperience to seniority, experience and an established track record. Significantly, all of the three newly hires were on a probationary period and were at-will, but instead of removing one of her newly hand-picked hires, she targeted Deputy Ruiz as the fall guy for her ill-advised hiring spree.

11. Curiously, Constable Vela then did something astonishing: she wrote a letter of recommendation recognizing his contributions and achievements within the office and then quickly did an about face lambasting him as an unfit officer within her department, upon learning he had filed an EEOC charge of discrimination on the basis of age. Despite Constable Vela's best constructed and manufactured newly asserted grounds for urging his removal due to his allegedly illustrious disciplinary record as a deputy, the same are self-effacing and implode. On one hand she claims he violated the department's policies on no less than three separate counts but proceeds to tell Mr. Overstreet, with the Fire Marshall's office that he had no disciplinary issues, upon seeking a reference of his performance as a former deputy.

12. The three charged grounds asserted by Constable Vela with the EEOC are as follows: 1) he allegedly created a concocted knee issue (however Ruiz as a result of knee issues had to have a knee replacement surgery which had been recommended by his physicians); 2) he had failed to comply with a new uniform policy (however when the memorandum was issued reflecting a change

in the uniform, he was on medical leave and never received the memo until after returning to work), and 3) a February 21, 2017 incident where Deputy Leon Swenke, the officer in charge, authorized Mr. Ruiz along with other deputies that they were relieved of duty a few minutes prior to the regular close of business that day. Deputy Swenke assumed responsibility for the error in his authorizing early leave – which was only a few minutes that day – but Constable Vela, notwithstanding this, demanded that everyone who left at his command were to be written up.

13. Unlike Deputies De La Cerda or Moreno, who were discharged, and as such covered under the Commission, Mr. Ruiz' removal was characterized as an elimination of a position, which under Commission rules afforded no right to appeal the decision made by Constable Vela

14. Plaintiff is informed and believes and therefore alleges that Defendant replaced Plaintiff in the position, which he formerly held with Defendant, with younger employees who had little to no experience in the job, who had by comparison no seniority or longevity within the organization, and which Defendant could pay substantially less.

## V. AGE DISCRIMINATION IN EMPLOYMENT ACT CLAIM

15. Mr. Ruiz repeats and re-alleges the allegations contained Paragraphs 6 to 16 as if fully stated here.

16. Mr. Ruiz has satisfied all jurisdictional prerequisites in connection with his ADEA claim.

17. Bexar County's actions constitute intentional age discrimination in violation of the ADEA. Specifically, Bexar County, by and through Constable Vela, abruptly terminated Mr. Ruiz as part of a focused effort to prune older workers from its workforce in violation of their civil rights - and appeal to younger consumers. Constable Vela terminated Mr. Ruiz because of his age, not because of any alleged contrived and manufactured grounds as alleged above.

*08782.001 Ruiz, Joshua*
*Plaintiff's Original Complaint*
*and Jury Demand*

-5-

18. As a result of Bexar County's actions, by and through then-Constable Vela, Mr. Ruiz has suffered and will continue to suffer pecuniary losses, including but not limited to lost wages and benefits associated with his employment. Mr. Ruiz will also incur legal fees for pursuing this action against Bexar County.

19. Bexar County's actions, by and through Constable Vela, were willful. Thus, Mr. Ruiz is entitled to liquidated damages under the ADEA.

20. Mr. Ruiz seeks attorney's fees, expert witness fees, and other costs of suit.

## VI. AGE DISCRIMINATION UNDER THE TEXAS LABOR CODE

21. Mr. Ruiz' repeats and re-alleges the allegations contained Paragraphs 6 to 16 as if fully stated here.

22. Mr. Ruiz' has satisfied all jurisdictional prerequisites in connection with his Texas Labor Code claim.

23. Bexar County's actions constitute intentional age discrimination in violation of Texas Labor Code Chapter 21. Specifically, Bexar terminated Mr. Ruiz because of his age.

24. As a result of Bexar County's actions, Mr. Ruiz has suffered and will continue to suffer pecuniary losses, including but not limited to, lost wages and benefits associated with his employment.

25. Additionally, Mr. Ruiz's has suffered and expects to suffer non-pecuniary losses, including, but not limited to, humiliation, damage to personal and professional reputation, undue stress, anxiety, and other non-pecuniary losses.

26. Bexar County has acted and continues to act with malice and reckless indifference to Mr. Ruiz's state-protected rights, and, thus, he is entitled to any damages growing thereof as provided under the Texas Labor Code.

27. Bexar County's actions were willful. Thus, Mr. Ruiz is entitled to liquidated damages.

28. Mr. Ruiz seeks attorney's fees and costs of suit.

## VII. REQUEST FOR JURY TRIAL

29. Mr. Ruiz respectfully requests that this matter be tried before a jury.

## VIII. PRAYER FOR RELIEF

30. Mr. Ruiz respectfully requests that he have a judgment against Bexar County awarding him the following damages:

   a. Back pay, including but not limited to, lost wages and employment benefits;

   b. Equitable relief necessary to place Mr. Ruiz in the position he would have held but for Bexar's discriminatory treatment, and if this is not feasible, then front pay;

   c. Actual damages;

   d. Liquidated damages in the maximum amount allowed by law;

   e. Compensatory damages in the maximum amount allowed by law;

   f. Prejudgment and post-judgment interest;

   g. Attorney's fees, expert witness fees, and costs of suit; and

   h. Any further legal and equitable relief he is entitled to.

Respectfully submitted,

THE AMSBERRY LAW FIRM, PLLC

*/s/ Russell J. G. Amsberry*
Russell J. G. Amsberry
24165 IH 10 W. Ste. 217, #230
San Antonio, Texas 78257
Telephone: 210.354.2244
Telecopier: 210.729-0974
Texas Bar No. 00790228

ATTORNEYS FOR THE PLAINTIFF
JOSHUA RUIZ